, SICKLER *v.* OVERTON.

*Venditioni exponas* amendable by the præcipe, by inserting the name of one of the defendants during the trial of an ejectment under the sheriff's deed; and a sale under such a writ passes the title.

ERROR from the Common Pleas of Bradford county.

*July* 6. Overton brought ejectment against Edmund Sickler and others; and on the trial, before CONYNGHAM, President J., gave in evidence the record of a judgment against the defendant and others; a *fi. fa.* issued, and returned "levied," on the land in question; also a *venditioni* under this judgment, reciting the *fi. fa.* as issued against the defendants, omitting however the name of Edmund Sickler; advertisements, a sale, and sheriff's deed thereon, with the same omission; and proved that Edmund was present at the sale.

During the trial, the court allowed the *venditioni* to be amended by the præcipe, and the name of Edmund Sickler to be inserted.

His honour instructed the jury, that without regard to this amendment, which could not be considered as it was made during the trial, the plaintiff was entitled to recover.

*Elwell*, for plaintiff in error, contended, that the sheriff's deed could not pass the title of a man not named therein.

*Overton*, contrà, cited Thompson *v.* Philips, 1 Bald. 247; Carpenter *v.* Cameron, 7 Watts, 51; Cluggage *v.* Duncan, 1 Serg. & Rawle, 111; Feger *v.* Keefer, 6 Watts, 297; Rodgers *v.* Gibson, 4 Yeates, 111.

*July* 18. PER CURIAM.—The writ was undoubtedly amendable by the præcipe; and we treat a right to amend as an equivalent for actual amendment. But, right or wrong, the amendment had actually taken place at the time of the trial; and we cannot inquire into its propriety. That it was made pending the present action, cannot restrict its effect; and there is therefore no semblance of error on the record.

Judgment affirmed.